IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DONEGAL INSURANCE GROUP,

Plaintiff,

vs.

INNOVATIONS WINDOWS & SIDING, LLC, MARY YELKEN, and PHILLIP KOTTMEYER,

Defendants.

4:23-CV-3092

MEMORANDUM AND ORDER

Innovations Windows & Siding, LLC, a Nebraska company, installed windows in a home owned by Mary Yelken and Phillip Kottmeyer in Lincoln, Nebraska. Donegal Insurance Group, a Pennsylvania company, is Innovations' liability insurer. The homeowners allege that the windows were defectively installed, and they sued Innovations in a Nebraska state court. Donegal brought the present lawsuit prior to an imminent judgment in favor of the homeowners in the state court lawsuit. Filing 5. The homeowners filed a counterclaim against Donegal. Filing 8.

This matter is before the Court on Donegal's motion for default judgment against Innovations (filing 29), Donegal's motion to dismiss the counterclaim for lack of standing (filing 9), and the homeowners' motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3) (filing 16).

## I. BACKGROUND

Under Innovations' insurance policy, Donegal has a duty to defend and a duty to indemnify Innovations for bodily injury and property damage caused by an accident. *See* filing 5 at 7, 8. The policy requires Innovations to

immediately send copies of "any demands, notices, summonses or legal papers received in connection with" a lawsuit, and Innovations must assist and cooperate as needed in defending the suit. Filing 5 at 5. Donegal's representative attempted to inform Innovations that "failure to comply with the conditions . . . may result in a declination of coverage." *Id.*

The homeowners sued Innovations in October 2021 in the District Court of Lancaster County, Nebraska, alleging that Innovations improperly installed windows.[1] Donegal was not a party to the homeowners' lawsuit, nor did Innovations inform Donegal of the lawsuit. Donegal first became aware of the homeowners' claims a year after the lawsuit was filed. Filing 5 at 3. The Donegal representative contacted the homeowners, indicating that Donegal "was in the process of declining coverage to Innovations due to its failure to comply with the policy." *Id.*

Donegal then sued Innovations and the homeowners in this Court. Donegal alleges Innovations' policy excludes the damages sought by the homeowners. *See* filing 5 at 10. Innovations appears to have fallen off the Earth—it did not respond to several phone calls from Donegal's representatives regarding the homeowners' lawsuit, and emails were returned as undeliverable. Filing 5 at 3. According to the Nebraska Secretary of State's records, Innovations is an inactive LLC and it was administratively dissolved in June 2023. In this lawsuit, Donegal completed service on Innovations by publication, after several failed service attempts. *See* filing 26; filing 14.

---

[1] Specifically, the homeowners alleged that at least three windows were installed upside-down, replacement windows were improperly sized, windows were improperly sealed, the sealant used on some windows caused severe health issues, the windows decreased energy efficiency in their house, and Innovations misrepresented the quality of the windows. *See* filing 5 at 2.

Donegal asks for declarations pursuant to 28 U.S.C. § 2201 that "Donegal appropriately declined coverage to Innovations," and that "Donegal has no ongoing duties and obligations . . . to defend or indemnify Innovations" in the homeowners' lawsuit. Filing 5 at 11. In their counterclaim, the homeowners have asked this Court to declare that Donegal is obligated "to pay the sums that Innovations becomes legally obligated to pay as damages because of the bodily injury sustained by" the homeowners. Filing 8 at 4.

The Court has taken judicial notice of *Yelken v. Innovations Windows & Siding*, CI-21-41, the homeowners' lawsuit in the District Court of Lancaster County, Nebraska. On October 31, 2023, the homeowners obtained a judgment against Innovations. In December 2023, they initiated garnishment proceedings against Donegal.

## II. DISCUSSION

Donegal argues that the homeowners' counterclaim should be dismissed because they lack standing under Nebraska law. The homeowners actually agree, and further assert that they should be dismissed as parties because this Court has no jurisdiction over Donegal's action against them under Nebraska law. Donegal argues that the homeowners are "necessary parties" under both Fed. R. Civ. P. 19 and Neb. Rev. Stat. § 25,159.

The parties' focus on Nebraska law is incorrect—this is a federal court, and both the homeowners' and Donegal's actions were brought under 28 U.S.C. § 2201, seeking a declaration of their "rights and other legal relations." *See Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1125 (5th Cir. Unit B 1981) ("In this case the action was not brought under authority provided by state law but rather was instituted by the insurer pursuant to the Federal Declaratory Judgment Act, [28 U.S.C. § 2201]."); filing 5; filing 8. So, the Court must determine, as a matter of *federal* law, whether the parties have standing, even

though the resolution of the parties' claims is dependent on state law. *See Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).

Under federal law, there is an actual controversy between an injured party and an insurance company based on the acts of a tortfeasor. *See id.*; *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1302 (11th Cir. 2022) (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)); *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 378 (7th Cir. 2019). However, this is only true as to an insurer's duty to indemnify—an injured party does not have standing to invoke an insurer's duty to defend a tortfeasor. *Barrow*, 29 F.4th at 1302-03.

Having determined this Court *can* hear both parties' claims as to Donegal's duty to indemnify, the question now is whether it *should*. *See Cincinnati Indem. Co. v. A&K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008). Exercising jurisdiction in a declaratory judgment action is discretionary. § 2201 (a federal district court "*may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)); *see also Scottsdale Ins. Co. v. Detco Indus.*, 426 F.3d 994, 996 (8th Cir. 2010) (citing *Haverfield*, 218 F.3d at 874). A district court may dismiss or stay a declaratory judgment action which serves no useful purpose. *Cincinnati Indem. Co.*, 542 F.3d at 625 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

In the absence of a parallel action in state court involving the same claims and the same parties, courts in the Eighth Circuit follow a six-factor test to determine whether to abstain from a declaratory action. *Scottsdale*, 426 F.3d at 998 (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)). But "[i]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal

law, between the same parties." *Haverfield*, 218 F.3d at 874-75 (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).

In *Haverfield*, an insurance company sought a declaratory judgment against its insured and the individuals injured by the insured, just like this case. 218 F.3d at 873-74. The insurer filed its federal court action six months before the injured parties filed a petition to collect the insurance pursuant to a judgment against the insured. *Id.* at 875. The Eighth Circuit held that the district court abused its discretion in denying a motion to dismiss when a parallel state court proceeding was pending at the time the motion was denied. *Id*.

The Court has taken judicial notice of the homeowners' proceedings in state court. The homeowners filed a writ of garnishment against Donegal in December 2023. There is a parallel action between the same parties pending in state court, presenting the same issues, not governed by federal law. *See id.; Brillhart*, 316 U.S. at 495. Even though Donegal filed its action well before the current garnishment proceedings, *Haverfield* indicates that the Court should not exercise jurisdiction under § 2201.

Additionally, it's unclear what "useful purpose" a declaratory judgment would serve. *See Cincinnati Indem. Co.*, 218 F.3d at 623 (citing *Wilton*, 515 U.S. at 288). Regarding Donegal's duty to defend, Innovations has not invoked its rights under the policy—nor can it be said, given Innovations' failure to respond to this lawsuit and its mysterious disappearance from the state court proceedings, that such an invocation is likely to ever happen. Further, judgment has been entered against Innovations, and Donegal did not defend it in those proceedings. Donegal's request for a declaration that it has no duty to defend Innovations in the homeowners' lawsuit is either moot, or it never ripened to begin with, and a declaratory judgment is not appropriate.

A declaratory judgment might be useful regarding Donegal's duty to indemnify, but the Court cannot enter a default judgment in favor of Donegal that would impact the rights of the homeowners. *See, e.g., United Fire & Cas. Ins. Co. v. Thompson*, No. 1:09-cv-051, 2010 WL 561578, at *2 (E.D. Mo. Feb. 10, 2010). And for the reasons explained above, it is more appropriate for the parties to sort out Donegal's obligations under the insurance policy in the currently pending garnishment proceedings.

Given these circumstances, this Court will not exercise jurisdiction over Donegal's § 2201 action against Innovations and the homeowners. The Court will also exercise its discretion not to enter a default declaratory judgment against Innovations. *See Thompson,* 2010 WL 561578, at *2. This case is dismissed.[2]

IT IS ORDERED:

1. The plaintiff's motion to dismiss (filing 9) is granted.

2. Defendants Mary Yelken and Phillip Kottmeyer's motion to dismiss (filing 16) is granted.

3. The plaintiff's motion for default judgment (filing 29) is denied.

---

[2] A stay rather than a dismissal is preferred "where the possibility of a return to the federal court remains." *Haverfield*, 218 F.3d at 875 n.2. But this Court sees no reason why the case would return to federal court when the outcome of the state's garnishment proceedings will be binding on the parties.

4. This case is dismissed.

5. A separate judgment will be entered.

Dated this 27th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge